Filed 11/14/25  P. v. Sharp CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C102866 |
| Plaintiff and Respondent, | (Super. Ct. No. 22CR1454) |
| v. | |
| JUSTIN CHASE SHARP, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Justin Chase Sharp asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors that would result in a disposition more favorable to defendant, we will affirm the judgment.

BACKGROUND

On November 21, 2022, defendant pled no contest to discharge of a firearm with gross negligence (Pen. Code,[1] § 246.3) and resisting arrest (§ 69).  Consistent with the terms of the plea agreement, the trial court imposed a sentence totaling two years eight months, but suspended execution of that sentence and placed defendant on two years of

---

[1]     Undesignated section references are to the Penal Code.

1

formal probation on the condition that defendant complete a minimum of 18 months in the "Veteran's Court Treatment Program." The court imposed various fines and fees, including a $300 restitution fee pursuant to section 1202.4, subdivision (b), and a matching $300 section 1202.44 probation revocation fine, which the court stayed.

On August 22, 2024, defendant admitted to violating the terms of his probation. The trial court reinstated probation with the added condition that defendant enroll in and complete a residential substance abuse treatment program. The court also directed defendant to report to the county jail within 24 hours if he left the program. Days later, the probation department filed another petition to revoke defendant's probation. The probation department alleged defendant left the program, failed to appear at "the VA," did not report to the county jail, and had not yet responded to his probation officer's attempts to contact him.

On December 30, 2024, the trial court found defendant in violation of the terms of his probation. The following day, the court found defendant was "not amenable to . . . being reinstated on probation" and executed the previously imposed sentence of two years eight months. The court awarded defendant a total of 357 days of custody credit. With regard to fines and fees, the court ruled as follows: "As to the fines and fees that the Court previously imposed, the Court will simply affirm those and continue to stay those fines and fees pending successful completion of his parole or PRCS."

Defendant appealed without a certificate of probable cause.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal that would result in a disposition more favorable to defendant. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental

2

brief within 30 days from the date the opening brief was filed.  More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant.  Accordingly, we will affirm the judgment.

DISPOSITION

The judgment is affirmed.

\s\
_____
Krause, J.

We concur:

\s\
_____
Duarte, Acting P. J.

\s\
_____
Boulware Eurie, J.